Curia.

As the defendant had the right, and indeed was obliged, by the duty of his office, to enter the close of the plaintiff, and to seize any personal property of the plaintiff, whereby he might satisfy the execution he then held against the plaintiff; the only question is, whether corn, then in a proper state to be gathered, but found standing, might lawfully be cut down and disposed of, to raise the tnoney due upon the execution. And we have no doubt that corn, or any other product of the soil, raised annually, by labor and cultivation, is personal estate; and would go to the executor, and not to the heir, on the decease of the proprietor. It is therefore liable to be seized on execution, and may be sold as other personal estate.
An entry, for the purpose of taking unripe corn, or other produce which would yield nothing, but in fact be wasted and destroyed, by the very act of severing it from the soil, would not be protected by this decision.
Let the defendant have judgment for his costs, (a)

 [Com. Dig. Execution, (C. 4,) 1 Salk. 368. — Whipple vs. Foote. 2 Johns. Rep. 418. — Hartwell vs. Bissell, 17 Johns. Rep. 128.—Ed.]