Wash, J.,
delivered the opinion of the Court.
Davis sued Barnes in an action of trover before a Justice of the Peace, for ten barrels of corn, and got judgment. Barnes appealed to the Circuit Court, where on a trial de novo the Ciicuit Court decided, that upon the evidence given in the cause, the plaintiff could not recover in an action of trover, and so instructed the jury. The plaintiff thereupon suffered a non-süit, and after moving, ineffectually, to set it aside, appealed to this Court. The testimony as preserved in the bill of exceptions is, “ that during the year 1831, (Davis) the plaintiff was in possession of a tract of land belonging to the defendant, and raised a crop of corn upon it that year : that in the fall of the year 1831, after the corn had arrived at a maturity, and Whilst it was standing on the land, the defendant gave the plaintiff the corn and delivered possession of the standing corn so given, by delivering him possession of the land on which it grew: that afterwards, and whilst the corn was so standing on the land as aforesaid, the defendant entered upon the land and pulled and carried away, against the will and consent of fhe plaintiff, ten barrels of the corn, which had been given to him as aforesaid, and converted the same to his, the defendant’s, use.” The only question for the consideration of this Court is, whether upon the proof offered, the plaintiff is enti-t tied to recover in an action of trover ? This question has been ably and elaborately •\rgued by the counsel on both sides, and numerous authorities have been cited. Those mainly relied on by the counsel for the appellee to sustain the judgment of the Circuit Court and the negative of the question, are 2 Black. Com. 407-8, 2 B. & P. 454, 2 T. 46, and 6 East. 609, and Blaclcstone says that corn “growing on the land or other emblements belonging to the possesspr of the land who hath sown or planted it, whether he be owner of the inheritanceor of a less estate : which em-blements are distinct from the real estate in the land, and subject to many though not all the incidents attending personal chattels: the only incident of personal chattels to which such emblements are not subject mentioned by Btocksf one, is that they are not the object of larceny before they are severed from the ground. In the case cited from 2 B. & P., the agreement was “ to sell the produce of twenty-two acres of hops-land and to deliver the hops picked, dried and put up in packets, &e.” And the question whether it was an relating “ to the sale of wares and mer *102 chandizes within the statute of 23 Geo. 3, C. 58, S. 1, imposing a duty, &c., and the Court decided that' it was not within the statute. In the opinion of the Court delivered in that case, it will be seen that they look to the subject matter of the agreement at the time the contract was made and lay great stress on the fact, that the hops were not then growing in the slate of goods, &c., and that the agreement was rather for what the land should produce during the season, than for goods then in existence. The case of Emmerson v. Heelis, 2 Taunt. 38, arose under the provisions of the statute 44 Geo. 3, C. 98, imposing a stamp duty on certain agreements and exempting contracts for the sale of goods, wares and merchandizes, upon a sale at public auction to Heelis, of a quantity of turnips belonging to Emmerson. The question raised in that case was, whether the turnips growing were goods, &c., and exempted by the statute, or whether the sale conveyed an interest in the land, and, therefore, within the statute ? The case was decided by Justice Mansfield, who placed it expressly upon the footing of the hop case above cited; for as much as the degree of maturity of the turnips was not shown, and from the time of sale it is clear that the turnips were not mature.
The case of Crosby v. Wadsworth, 6 East. 601, is decided by Lord Ellen-borough on precisely the same principles. In that case, the plaintiff on the 6th day of June, agreed by parol with the defendant, for the purchase of a standing crop of mowing grass, then growing on the premises of the defendant, which was to be mowed and made into hay by the plaintiff. The defendant afterwards refused to let the plaintiff have the grass, and cut and carried it away, &c. The plaintiff failed in his action, because as Ld. E. says in delivering the opinion of the Court, “the agreement stated conferring as it professes to do, an exclusive right to the vesture of the land during a limited time and for given purposes, is a contract or sale of an interest in, or at least an interest concerning lands.” This is believed to be as far as the authorities have ever gone in support of the doctrine contended for by the appellee’s counsel. On behalf of the appellant, the following authorities have been cited : 1 Chit. pld. 135; 1 Burr. 31; Roberts on Frauds 364-5, 126; Gilbert’s L. of Ev. 214; Toll L. Ex. 148 and 194; 6 East. 610; 1 Lord Raymond 182; 2 John 52 and 420, in note; 7 Mass. Rep. 34; 9 Cow. Rep. 40; 2 Kent’s Com. 355, 361-2; Bac. Abr. Let. ex’rs. and adm’r. letter H. 3; 12 Searg. and Rawle 272; most of these authorities have been carefully looked into, and in the opinion of this Court establish conclusively the right of the plaintiff to recover in this action.
The judgment oí the Circuit Court is, therefore, erroneous, and must be reversed, with costs.