## KIMBALL, Adm'r, *vs.* BELLOWS.

Where several counts were originally in the plaintiff's declaration, and, on a new trial being granted, a portion of the same were struck out and new ones inserted;—*Held*, that it was incompetent for the defendant, on a second trial, to offer the counts struck out, and proof that evidence was introduced to support them, as an admission of the party to contradict the grounds of suit alleged in the new counts.

Where a demand of payment was made of certain claims which had been taken up at the request of the defendant, and a general refusal of payment was made, without any cause assigned;—*Held*, that the demand was good, notwithstanding it included a claim which the defendant was not bound to pay, and notwithstanding no precise sum was named as the amount due.

Where the consideration of the defendant's promise was the procuring an assignment of the claims and demands held against the defendant by virtue of a writing obligatory;—*Held*, that such contract did not necessarily imply an assignment and delivery of the deed itself.

Kimball *v.* Bellows.

Where a suit was prosecuted by an individual in his own name for the benefit of himself and another, in which suit judgment was rendered, and a note was received by the plaintiff in payment, and the person interested in the note gave an order on the plaintiff for his portion of the same, which was accepted, and was afterwards assigned to the maker of said note;—*Held*, on suit for the note by the plaintiff's intestate, the maker could not file the acceptance in set-off against the note, where the plaintiff had deceased, and the estate had been declared insolvent prior to such assignment.

If an interest in such claim can be regarded as a trust fund, the proper mode to enforce it is in equity.

Where a bond, given to secure the claims of one Hall, and divers others, was traced into the hands of Hall, and Hall subsequently assigned all his claims and demands to two individuals, and search for the bond was made among the papers of only one of them ; *Held* not to be such evidence of a loss of the bond, and of diligent search for it, as to justify the admission of secondary evidence of the contents of the bond. Misdirection in this respect in the court below can be revised in this court.

Assumpsit. There were originally six counts in the declaration.

The first was on a note of February 12th, 1830, for $1217.04, payable to Wareham Morse, the plaintiff's intestate, or order, on demand and interest.

The second, for $5000, money had and received.

The third alleged that the defendant, on the 31st of July, 1817, bound himself by deed to W. C. Hall, and Charles and David Churchill, under the name and firm of C. & D. Churchill; and to Sylvester and Leonard Pulsifer, under the name and firm of S. & L. Pulsifer, to pay them respectively fifty per cent. on all sums due to them from one Gordon Whitmore, within a year from recovery in a suit about to be commenced in the circuit court of the United States, in the name of Whitmore against Mills Olçott ;—that Whitmore was indebted to Hall in the sum of $3000 ; to S. & L. Pulsifer, $2000 ; and to C. & D. Churchill $2000 ; and that a suit was duly commenced and a recovery had in the name of Whitmore against Olcott, on the 21st of March, 1821 ;—that on the 31st of May, 1828, it was agreed, between the plaintiff and defendant, that in consideration the plaintiff would procure an assignment to himself of the deed given

by the defendant to Hall and others, the defendant would pay the plaintiff all such sums as he was bound to pay Hall and others, on demand ; and that on the 23d of April, 1830, the plaintiff procured an assignment to himself of the deed, and that there was then due on the same, to Hall and others respectively, the sums above named.

The fourth count was like the third, on a like deed, given by the defendant to William Cooper, alleging that Whitmore was indebted to Cooper in the sum of $1000, and that an assignment was procured, &c.

The fifth count was the same as the third, except that it alleged that the deed, or writing obligatory therein described, had been lost by time and accident.

The sixth count was the same as the fourth, except a like allegation of the loss of the deed.

At the May term, 1838, the fourth and sixth counts were withdrawn, and at the November term, 1838, two new counts were added, viz. :

The seventh count, which is the same as the third, excepting the allegation of the loss of the deed, and that instead of the allegation, " in consideration that the plaintiff would procure an assignment to himself of the *deed*," &c., the allegation is, " that in consideration that the plaintiff would procure from said Hall, Churchills and Pulsifers, an assignment, release or discharge, of the *claim and demand* which they severally and respectively had against the defendant by virtue of the writing obligatory aforesaid, the defendant would pay the plaintiff," &c. ; and it is further alleged that the plaintiff procured releases and discharges of said claims and demands.

The eighth count is the same as the seventh, except that it alleges merely that the plaintiff procured an *assignment* of the claim and demand which Hall, the Churchills and Pulsifers had, &c., without alleging the procuring of releases, discharges, &c.

The defendant plead the general issue.

The first count was sustained by production of the note declared on.

To sustain the other counts in the declaration, the depositions of George Wheeler and Anthony W. Morse were offered as to the terms of the contract betwixt the plaintiff and defendant. Morse testified that the defendant promised if the plaintiff would procure a discharge or release from the Connecticut creditors of Whitmore, he would pay the plaintiff the amount of their claims out of the effects, rights and credits in his hands, belonging to Whitmore. He was unable to state the names of the creditors mentioned; but, as near as he could recollect, they were Cooper and Carrington, William C. Hall, Churchills and Pulsifers. Wheeler testified that the defendant stated there were demands in Connecticut against Gordon Whitmore which the defendant was bound to pay, and that he told the plaintiff if he would pay these demands, or take an assignment of them, or discharge the defendant from them, he would pay him the amount of them.

It was a matter of controversy betwixt the parties, who were the " Connecticut creditors" referred to in these depositions. It was contended by the defendant that one of the claims referred to was in favor of William Cooper against the defendant, and that, as an assignment or discharge of the claim against him was not produced, the defendant was not liable on the contract.

In aid of the defendant's proof that William Cooper was one of the Connecticut creditors intended by the parties, the defendant proposed to read the fourth and sixth counts as originally in the declaration, but which had been since withdrawn, and in which the plaintiff declared for the demand of William Cooper, in the same manner as for that of the other Connecticut creditors, and also to show that on a former trial, in the lifetime of Morse, he insisted on those counts for the claim of said Cooper as one of the Connecticut creditors; and among other evidence used in support of those counts,

the deposition of Samuel Cooper, to prove the existence of William Cooper's demand, and that, under this declaration and evidence, a verdict was taken at the first trial for the plaintiff.

This testimony was ruled out by the court, which ruling was excepted to by the defendant.

The deposition of Solon Grout was offered by the plaintiff to show a demand of payment of the defendant of claims assigned to him. Grout testified that a demand was made of claims against the defendant, assigned to the plaintiff by the several creditors named in the third count, and also of a demand assigned him by William Cooper.

The bond to Hall, Churchills and the Pulsifers, was traced into the hands of Hall. Carrington, one of the assignees of Hall, testified that he had made diligent search for the bond, but that it could not be found. Exception was taken that no evidence was shown of search having been made for the bond by Samuel Cooper, who was, with Carrington, joint assignee of Hall.

The evidence offered, to show the amount of the claims of the Connecticut creditors, was the report of an auditor in a former case, commenced by the plaintiff in his name against Gordon Whitmore as principal, and the defendant as trustee, in which the auditor found in the hands of Bellows the sum of $1087.09, with the interest thereon from July, 1817, to May 7th, 1831, being $902.28, in all $1989.37, which was claimed to be retained by the trustee as due from him to Hall, the Churchills and Pulsifers, and which the auditor reported should be retained by the trustee to meet these claims, and on which report judgment was rendered in said case.

The defendant claimed a deduction from the note declared on, on the ground that the note was received in payment of an execution against Bellows, in the aforesaid case of Wareham Morse *vs.* Gordon Whitmore as principal, and the defendant Bellows as trustee, and that one Sidney Whit-

more held an interest in said judgment and execution, for two thirds the amount of the same, deducting costs, and that Sidney Whitmore drew on Morse for the amount due him thereon in favor of Solon Grout, which was accepted by Morse, and has since (viz., May 9th, 1840,) been assigned by Grout to the defendant.

The plaintiff contended that nothing could be claimed in this form on the order and acceptance, for the reason that the claim, if any existed, should have been seasonably presented to the administrator of Morse's estate.

In reference to said estate, it appeared that Morse died June 13th, 1837, and administration was granted to Robert Kimball the 1st Tuesday of July, 1837. The estate was represented insolvent, and a commissioner appointed, who gave due notice and made his report to the probate court in February, 1838. This report was accepted, and a decree of distribution was made at the probate court holden May, 1840.

No claim on Sidney Whitmore's order of May 3d, 1832, accepted by Morse in favor of Solon Grout, was exhibited to the commissioner on said estate, or to the administrator on the same, until the same was presented in court by Josiah Bellows, 2d, at November term, 1840, in this action, Kimball, administrator, against Bellows.

The only question submitted to the jury was, whether William Cooper was one of the Connecticut creditors mentioned in the depositions of Wheeler and Morse. The jury found that he was not one of the creditors, and a general verdict was taken for the plaintiff.

The defendant moved to set aside the verdict, or to amend it, for the reasons aforesaid, and also for the following exceptions, viz. :

1. If the consideration was an *assignment*, this implied the production and transfer of the bond.

2. The demand on Bellows was insufficient, because it was not accompanied with any liquidation or statement of

the amount claimed, and because the claim of William Cooper was also included.

3. The claim of the defendant, derived by assignment through Grout from Whitmore, should be allowed against the note of the plaintiff.

4. The evidence of the bond having been lost was not sufficient, because, among other reasons, no inquiry was made for it of Samuel Cooper, joint assignee of Hall, and there was, therefore, no competent evidence of the amount of the Connecticut claims.

*Livermore*, (with whom was *Perley*,) for the defendant, on the first point referred the court to 1 *Stark. Ev.* 286, and authorities there cited. Where a party files a bill in equity, and has proceedings on it, his statement in the bill will be evidence against him.

In 2 *N. H. Rep.* 87, *Cilley* vs. *Jenness*, the court held that the plaintiff was estopped, by facts stated in one count of his declaration, from denying those facts in another count.

If the facts in the fourth and sixth counts of the declaration are true, the plaintiff cannot recover on those counts, which are now the foundation of his action. If the plaintiff is not estopped by them as a matter of record, they have the force of oral admissions.

2. No sufficient demand of the claim was made, as Cooper's debt was improperly included, and no schedule or specification of the amount demanded was given.

3. An assignment of a contract implies a delivery and production of the deed. This is not done, and the contract is not fulfilled. 7 *N. H. Rep.* 549, *Morse* vs. *Bellows*.

4. The set-off claimed under the acceptance to Grout, which was assigned to the defendant, should have been allowed. The plaintiff was a mere trustee of this fund; two-thirds of the equitable interest in the amount recovered was in Sidney Whitmore, and his interest has now passed to the defendant, and should be allowed against the plaintiff's

claim. *Powell on Exr's* 156 ; 2 *Saund.* 149, *Turner* vs. *Davies, note a.*

5. The loss of the bond was not shown. Search should have been made by both the assignees of Hall. The same rule of law that requires search by one, requires search by both. The secondary evidence as to the contents of the bond, was, under the evidence of loss, inadmissible.

*Blaisdell,* (with whom was *Bell,*) for the plaintiff. The jury have found that the claim against Cooper was not one of the claims of the Connecticut creditors ; but the defendant contends that this result was caused by the improper rejection of testimony.

When a count is struck out from a declaration, nothing remains. Where, in a subsisting declaration, the counts are contradictory, the court will not permit an allegation in one count to be regarded as an admission of a fact for a purpose distinct from the proof of that count. *Willes* 380 ; 2 *East* 426 ; 5 *East* 463 ; 5 *Bacon's Ab.,* 448, *Pleadings ;* 5 *Taunt.* 228, *Harrington* vs. *MacMorris ;* 2 *Johns.* 434, *Currie* vs. *Henry ;* 1 *Marshall's Rep.* 33 ; 2 *Phillips' Ev.* 97, *note.*

The demand was sufficient. Any liquidation of the amount due was unnecessary. The defendant had done this in his own disclosure as trustee. Including a claim not due, will not avoid a demand as to other claims. No exception to the demand was taken.

The declaration in this case differs from that in 7 *N. H. Rep.* 549, *Morse* vs. *Bellows.* No assignment of the deed is here alleged, as was the case in the original counts in the declaration. Under the contract, as here set forth, an assignment of the claim secured by the deed is sufficient.

The set-off was properly rejected. The plaintiff had deceased in 1837, his estate been represented insolvent, and a final decree of distribution ordered in 1840. During all this time the claim was due Grout, but no notice was given or pre-

sentment made of it to the administrator. Subsequent to this, Grout attempts to pass the claim to the defendant; but this could not be done, as the claim was then barred. Whether this was a trust fund or not, the claim should have been presented to the administrator.

The evidence of loss of the deed is sufficient. The testimony on this subject is to be addressed to the court below. They must be satisfied that reasonable diligence was used. The whole matter is not here, and this court cannot over-rule it.

UPHAM, J.* The defendant in this case contends, if he is liable at all, he is liable only on a contract relating to the assignment, release, or discharge of the several claims held against him by his creditors in Connecticut; and that unless these entire claims are taken up, the plaintiff is not entitled to recover.

It is objected, that evidence tending to show that William Cooper was one of the Connecticut creditors, was improperly rejected by the court, and that the verdict is therefore erroneous. This evidence consisted in two counts in the original declaration, which are now stricken out; alleging if the plaintiff would procure an assignment of a bond, given by the defendant to William Cooper, the defendant would pay the plaintiff the amount secured by the bond. The introduction of these counts, as originally set forth in the declaration, and proof that testimony was offered on the former trial to sustain them, is contended to be competent evidence of an admission that Cooper was one of the Connecticut creditors.

The exception raises the question as to the effect of various pleas, or of declaring in various counts, where the counts or pleas conflict in any degree with each other. The general rule is well settled, that where there are several counts in the same declaration, or a variety of pleas, an allegation

* PARKER, C. J., did not sit.

in one count or plea cannot be insisted upon by the adverse party as an admission of a fact for a purpose distinct from the proof of such count or plea. An exception is taken to the application of this principle in Massachusetts, in actions of slander, where the general issue is plead, and a special plea, admitting the words spoken, with a justification. 15 *Mass. Rep.* 48, *Jackson* vs. *Stetson & ux., & 1 Pick.* 1, *Alderman* vs. *French;* but in the latter decision it is remarked by Mr. Justice Jackson, that " there is perhaps no other case except that of slander, in which the forms of pleading could give rise to this question." A further exception is made in 2 *N. H. Rep.* 87, *Cilley* vs. *Jenness;* but Mr. Justice Woodbury, in delivering the opinion of the court in that case, attempts to place it on totally different ground from the decisions in Massachusetts, which he regards " as contrary to immemorial practice, as well as authority." We can hardly say that we are satisfied with either of these exceptions. It is quite clear that the general rule, as laid down by us, is rigidly maintained by most courts; and it is questionable whether any exception is admissible.

On a declaration in assumpsit, by a landlord against his tenant, for a breach of good husbandry, where there was one count which professed to be founded on a special written agreement, and a second on an implied contract, it was holden by Le Blanc, justice, at Lancaster spring assizes, that the defendant could not insist upon the first count, as evidence that a written contract existed, so as to impose upon the plaintiff the necessity of producing it. Cited by Starkie, and by Mr. Justice Cowen, in his notes to Phillips' Evidence. 1 *Stark. Ev.* 295; 2 *Cowen's Phillips* 445.

In 7 *Wend.* 301, *Brown* vs. *Feeter*, it is held that one count is in no sense material to another, unless there be a reference from one to the other; and that this is especially the case if a *nolle prosequi* be entered on the count sought to be used as evidence; and in 12 *Wend.* 110, *Keeler* vs. *Bartine*, it is held that where a plaintiff declares in one count upon a promissory note, and in another for moneys

paid; and, after a plea of *actio non accrevit infra* to the count upon the note, enters a *nolle prosequi* as to such count, such discontinuance is no admission of the truth of the plea; its only effect is to strike the count, and the pleadings applicable to it, from the record. The same doctrine is held in 7 *Cranch* 176, *Hughes* vs. *Moore.* See, also, *Gould's Pleading* 432.

The necessity of the case seems to require this rule of law. The plaintiff must often allege his contract in various modes, each differing from the other. It is often impossible for him to tell how his evidence will meet his case; whether as applicable to one count or another; and his counts may not only differ one from the other, but may be contradictory in a greater or less degree. An attempt may be made at one term to sustain one count; at another term, a count materially different. One count cannot be adduced as evidence against another; neither can the fact that evidence was offered at one term to sustain such count, be regarded as an admission by the party, on a subsequent trial of the same suit, that the facts as charged in such count are true, and that he therefore cannot proceed on a different count to trial.

The rule of law on this subject is the same as that relative to pleadings. Where there are several distinct pleas, the plaintiff cannot use one plea of the defendant, for the purpose of proving a fact which the defendant denies in another plea. Where there are several issues joined, an admission involved in one does not operate as an admission in relation to any other. 1 *Stark. Ev.* 295, 389; 5 *Taunt.* 228, *Harrington* vs. *MacMorris.*

Mr. Justice Buller remarks, in *Kirk* vs. *Nowell,* 1 *Term Rep.* 125, that " there never was such an idea before entertained, that one plea might be supported by what was contained in another. Each plea must stand or fall by itself; they are as unconnected as if they were on separate records."

It is also holden that an agreed case, made on application for a new trial, is not evidence in another suit, though both

suits relate to the same subject matter ; and that such cases ought not perhaps ever to be received as evidence against the parties, unless the admission of some fact in them be made the condition of a new trial.　*Cowen's Phillips* 182 ; 2 *Johns.* 157, *Elting* vs. *Seaman.*

We regard the ruling in the court below on this point as correct.　The facts alleged in the former counts, which are now struck from the declaration, and proof that evidence was offered on a former trial as tending to sustain them, do not constitute an admission of the truth of such counts, so as to prevent recovery on new counts, when the claim is differently stated.

There are various other points raised in the case.　On a former hearing it was alleged in the several counts in the declaration, that the consideration of the defendant's promise was the procuring " an assignment to the plaintiff of certain deeds ;" and the court held that the contract thus declared on required an assignment and delivery of the deed itself. The allegation is now different, and the consideration of the defendant's promise is alleged to be the procuring " an assignment, release, or discharge of the claim and demand, which certain individuals severally and respectively had against the defendant, by virtue of their writing obligatory against him." Under the contract thus declared on, an assignment of the claim does not necessarily imply an actual assignment of the deed itself.　It is a sufficient assignment, within the terms of the contract, if a full transfer of all claims that can arise under the deed is effected ; and it is immaterial whether this is done on the writing obligatory, or by an independent instrument.　The exception, therefore, at this trial, that an assignment and production of the deed is essential to sustain the declaration, is overruled.

The demand made of the defendant for payment of these claims, is excepted to for the reason that it included a claim of William Cooper, who, it is found by the verdict, was not one of the Connecticut creditors, and because no liquidation

or statement of the amount claimed was presented to the defendant. A sufficient reply to this objection is, that no exception was taken to the demand at the time, and no specification was asked. Where claims are taken up for the benefit of another, and, on demand of payment, a mere general refusal is given, without any cause assigned, or enquiry made, we hold the demand to be good, notwithstanding it included a claim which the party is not bound to pay, and though no precise sum is named as the amount due.

It is contended, also, that the set-off, derived by assignment through Grout from Whitmore, should be allowed against the note of the plaintiff, in diminution of his claim. This claim was undoubtedly good against the plaintiff's estate, had it been duly presented to the commissioner, and allowed. But this was not the case. Grout, who then held the claim, took no measures to enforce it; and it became, under the provisions of our statute in relation to insolvent estates, " forever barred." 1 *N. H. Laws* 364.

A subsequent assignment to the defendant, to be applied in diminution of his claim, could not revive it. Had it been assigned to the defendant previous to the plaintiff's decease, it might perhaps have been allowed as a set-off to the plaintiff's claim. 2 *Mass.* 498, *McDonald* vs. *Webster* ; 4 *Pick.* 212, *Boardman* vs. *Smith* ; 6 *Greenl.* 240, *Fox* vs. *Cutts.* But it clearly cannot be thus allowed where the assignment is subsequent to the plaintiff's decease, and after a declaration of insolvency.

It is contended, however, that this claim is no part or parcel of the plaintiff's estate, but was recovered by the plaintiff for Whitmore's benefit, and is a trust fund, which the plaintiff's representatives should be required rightfully to appropriate at any moment. The objection to this is, that there is nothing in the nature of the claim, or the acts of the parties in reference to it, to distinguish it from any other debt due to the estate. The amount was recovered in the plaintiff's name, and he was permitted to receive the payment

without any thing on the part of Whitmore tending to show that he relied for his claim on the specific property received. The amount became merged in the plaintiff's estate, and must now be regarded as a mere ordinary indebtedness, and barred, like other claims. If it could be regarded as a trust fund, the only manner in which it could be enforced, consistently with a due regard to the rights of all parties, would be by bill in equity.

The exceptions we have thus far considered are overruled; but an additional exception has been taken, which we consider as well founded, and which will compel us to set the verdict aside.

It is conceded, that before secondary evidence can be given of the contents of a written instrument, its non-production must be accounted for, and due diligence shown to obtain it. 8 *Pick.* 329, *Boynton* vs. *Rees*; *Ditto* 272, *Poignard* vs. *Smith*. In this case, secondary evidence was introduced as to the contents of the bond to Hall, the Pulsifers, and others. This bond was traced into the hands of Hall, and is supposed to have passed, with his claims and demands, to his assignees. Evidence was offered of search for the bond among the papers of one of the assignees, but the exception was taken at the trial that no evidence was shown of search by the other assignee.

The testimony of a person to whose care a paper has been entrusted, that he made search, and could not find it, is evidence of its loss. 5 *Mass.* 101, *Jones* vs. *Fales*. But in this case the effects of Hall passed to two assignees, and search is made by but one, without any evidence tending to show that there was not an equal probability of finding it in the hands of the other. The same rule of law that would require the search by one assignee, would require search by both. We think, therefore, a sufficient case was not made out to justify the admission of secondary testimony.

Whether the evidence of loss of an instrument is sufficient to let in secondary evidence of its contents, is a question for

the court. 8 *Pick.* 390, *Donelson* vs. *Taylor;* 15 *Pick.* 368, *Page* vs. *Page.* On this point it has been contended that the ruling of the court below is conclusive as to what evidence is essential to show the loss of a paper, and that the whole matter is subject to their discretion; but this is not the proper application of the rule in this respect. This court will not interfere, where the proper description of evidence is introduced as to the degree of evidence necessary to show the loss of an instrument. The proper description of evidence it is for us to determine, but the degree of such evidence necessary to satisfy the court of a loss, is for the consideration of the court below, and their decision upon it is conclusive. The rule of law required that search should be made for the bond by all those into whose hands it was traced, before secondary evidence could be admitted. As such evidence of search was not shown in this case, secondary evidence should not have been received. The ruling of the court was, therefore, incorrect in this particular.

*Verdict set aside.*