Dick, et al. *v.* Truly, et al.

## DECEMBER TERM, 1843.

### James Dick, *et al. v.* John H. Truly, *et al.*

J. H. executed a note with W. H., as his surety, to L. M. & Co., and to indemnify W. H., J. H. conveyed property in trust to T. ; L. M. & Co. transferred the note to D., who, J. H. becoming insolvent, filed a bill to subject the property conveyed in trust, to T., to the satisfaction of his debt ; *held*, that the trust property was liable in equity to the payment of the note in the hands of the assignee.

L. M. & Co., being the holders of a note, secured by mortgage of W. H., received from a transferred claim belonging to W. H. the sum of $1100, in depreciated paper, but refused to deliver it to H., when called for ; L. M. & Co. afterwards transferred the note of H. to D., who filed a bill to foreclose the mortgage ; *held*, that H. was entitled to a credit of the $1100 in specie.

A judgment in Tennessee, and return of *nulla bona* upon an execution thereon, are not sufficient foundation to apply to a court of equity, to subject the *choses in action* of the judgment debtor, to the payment of the debt.

This cause was submitted for a final decree, upon the bill of the complainant, and the answer of James Hanna, and *pro confesso* against the other defendants, and the depositions in the case. No abstract of the pleadings and proof is given ; the only points of interest involved being a question of law and of fact, stated at length in the opinion of the Court.

*Wilkinson*, and *Miles*, for complainants.

This cause is now submitted for final hearing, on the answers of, and *pro confesso* decree against, the defendants.

The only difficulty presented in the case is the credit of $1100, claimed by James Hanna. We do not think it can be allowed. There is no proof that the sum, thus claimed as a credit, ever came into the hands of " Leigh, Maddox, & Co.," from whom complainants obtained the note, upon which judgment in Tennessee was rendered.

But should the Court deem it equitable to allow the credit claimed, we then ask for a decree against John H. Truly, for an equal amount out of the judgment, described in the bill as having been recovered in the Holmes Circuit Court. It is immaterial to us which way we get the money, though we are anxious to see the wishes of Wm.

Hanna subserved, and, for that purpose, ask a decree of subrogation, giving to complainants the same rights, under the trust-deed, as those conferred by its provisions on Wm. Hanna.

*Brooke*, for defendant, James Hanna.

The defendant, Hanna, contends only for a credit of about $1100, which he states he paid J. S. Ewing, one of the firm of Leigh, Maddox, & Co., to whom the deed of trust was made. It is proven by the deposition of John H. Truly (who, it is presumed, is a competent witness, being only a nominal party, as trustee, and equally interested for both parties), that a note of about $1100 was given Wm. Hanna, in part payment of the debt due Leigh, Maddox, & Co., and for which Wm. Hanna was surety; that suit on said note was brought for the use of said Leigh, Maddox, & Co., or Ewing, and the amount collected in Brandon money; that though Ewing refused to receive said Brandon money, he also refused to let Hanna have it, although he, James Hanna, could have used it. It is, therefore, contended that Ewing, or the firm of which he was a member, should account for it, as he (Ewing) had no right to play the part of the dog in the manger. That said Ewing was a partner of said firm of Leigh, Maddox, & Co. is in proof. Should this credit be allowed, the rest of the debt is not disputed, and the trust-property is ready to be delivered up, or rendered subject to it. At the time the answer was written, it was supposed that a copy of the record of the judgment on said note would be obtained in due time; but before it was filed, in consequence of not knowing the term of the Court at which the judgment was had, and the unwillingness of the clerk to take the trouble to hunt for it, the reference thereto was, at the instance of the defendants, and before the filing of the answer, erased. If the Court, however, should think the proof sufficient to authorize an order of reference to ascertain the amount of said judgment, steps will be taken to procure it.

*W. Thompson*, for William Hanna.

I appear for Wm. Hanna, against whom, I understand, the complainants do not claim a decree, except in the event John Hanna gets a credit for the note he gave Ewing. If John Hanna gets that

credit, the effect of course will be, to diminish complainants' demand to that extent ; for the complainants claim under the firm of Leigh, Maddox, & Co., of which company Ewing was a member, as appears by the record of the judgment from Tennessee, under which complainants claim. John H. Truly, in the last lines of his deposition, shows the note was given on the present claim set up by the complainants. Wm. Hanna is willing and desires that complainants have a decree for the sale of the trust of property, to pay the amount of their demand, as it may be ascertained by the decree of the Court.

CHANCELLOR. The complainants, as the creditors of Leigh, Maddox, & Co., received from them a claim on James Hanna, to which Wm. Hanna was surety. To indemnify Wm. Hanna against his liability as surety, James Hanna made a deed conveying particular property in trust to John H. Truly. The complainants allege, that James and Wm. Hanna are both insolvent, and ask to have the deed of trust enforced for their benefit. The leading facts are admitted by the answer and *pro confessos.* It is urged by the defendants, that this claim should be credited by $1100, received by a member of the firm of Leigh, Maddox, & Co., through the medium of a transferred claim. I am clear, from the testimony, that the credit should be allowed. Although Ewing received it in depreciated money, yet by refusing to deliver it to Hanna, when called for, he thereby elected to make it his own, and the claim must be credited to that extent. I can have no doubt, that the complainants, as the assignees of the claim, are entitled to have the deed of trust enforced, for the satisfaction of their debt. Where the principal debtor pledges property to his surety, by way of indemnity, and the principal becomes insolvent, the creditor has a right in equity to have the property so pledged applied in payment of his debt. *Wright* v. *Morley,* 11 Ves. 22 ; 1 Story's Eq. 592. The complainants have no right whatever to have the judgment rendered for the use of Wm. Hanna, in this State, or any part of it applied to the satisfaction of their claim. The judgment and return of *nulla bona,* in Tennessee, is not sufficient to lay the foundation for such a claim. Let the case be referred, for an account and report of the

Dick, et al. *v.* Truly, et al.

principal and interest due, after deducting the credit referred to. Upon the coming in of the report, a final decree, enforcing the deed of trust, in favor of the complainants, may be drawn.