Mr. Justice Clayton
delivered the opinion of the Court.
This was a proceeding in the Circuit Court of Yazoo, to try the right to a quantity of cotton levied upon by execution in favor of the defendant in error, and claimed by the plaintiff in error.
On the trial, the plaintiff in error moved the Court to permit the sheriff to amend his return, so as to show that the quantity of cotton was not two hundred bales, as stated in the return, but that the levy was in fact made upon the cotton in the seed, which when ginned yielded but one hundred and seventy-one bales. The Court refused permission for the amendment to be made, to which an exception was taken.
Amendments of this description are not regulated by any certain rules, but are addressed to the sound legal discretion of the Court. They are allowed with great liberality, and it has been said will be permitted whenever the ends of justice require it. Mara v. Quin, 6 Term Rep. 8; 3 Cow. 44; 17 Pickering, 108. They may be made at a term after the return term. 11 Mass. 413; 1 S. & M. 560.
There are exceptions to the rule, if it can be said that there is any general rule on the subject. Some of these will be found collected in a note in 3 Cow. 44. Our own Court has decided that the sheriff will not be permitted to amend his return after the term to which the process was returnable, and after judgment. 5 How. 173. The reason that an amendment is not proper after a judgment has been rendered upon the return, is, that it would cause a *421 reversal, and seriously affect rights acquired under it. The party injured must seek redress in such case by his action for a false return.
The application in this instance, under the liberal feeling which is manifested in our legislation in regard to amendments, we should think, ought to have been granted. But all such applications are addressed to the sound discretion of the Court, and however that discretion may be exercised, it cannot be controlled by a superior tribunal. 5 How. 538 ; 1 S. & M. 540t We cannot, therefore, interfere with the judgment upon this ground.
The refusal to permit the sheriff to give testimony in contradiction to his return, was entirely correct. Van Campen v. Snyder, 3 How. 66.
In the progress of the cause, the Court instructed the jury that a judgment was a lien upon a growing crop, to which charge an exception was filed by the counsel of the bank. This instruction, in our opinion, was incorrect. By the act of 1824, a judgment is declared to be a lien on all the property of the defendant. H. & H. 621. But by the act of 1840, it is declared, u that it shall not^ be lawful for any sheriff or other officer to levy on and sell by virtue of an execution or other process issuing from any Court in this State, any crop of cotton, corn or other product, while the same is under'cultivation, and before it is matured and gathered.” Acts of 1840, page 29. Before that statute, corn or other product of the soil raised annually by labor and cultivation, might be seized under execution and sold. 7 Mass. 34; 9 Johns. 108; Wright v. Dewees, 28 En. Com. Law Rep. 172.
The change effected by this law in preventing a seizure of growing crops under execution, operates an exception in their favor, out of the act of 1824. During the time that they are exempted from execution, they are likewise exempted from the operation of the judgment lien. It is an exception created by the law, and is in effect a provision, that, until gathered, a crop is not subject to the lien of either a judgment or execution.
The crop which was growing on the mortgaged premises at the time of the sale, constituted before severance a part of the freehold, and passed to the purchaser, the Planters Bank, as part of the *422 land. 4 Kent, 467. After it was gathered, it could not become subject to the.execution against the mortgagor, because some months previously it had passed to the purchaser, by the sale of the land on which it was growing.
For the error in this charge, the judgment will be reversed, and á new trial granted-