## Thomas H. Mulligan *vs.* Daniel F. Newton.

The exemption by *St.* 1857, *c.* 235, from attachment and execution of "provisions neces-
    sary, procured and intended for the use of the family of the debtor, not exceeding fifty
    dollars in value," extends to corn, potatoes and cabbages planted and raised by the
    debtor for the use of his family, and ripe for harvest, though not severed from the soil.

Action of tort for the conversion of a quantity of corn, cabbages and potatoes, attached by the defendant as a deputy sheriff on mesne process against the plaintiff.

At the trial in the superior court, there was evidence tending to show that the corn, cabbages and potatoes were raised by the plaintiff in a field occupied by him in Southborough; and, when attached by the defendant, were ripe and fit to be harvested, but had not yet been severed from the soil.   The plaintiff testified that, at the time of the attachment, he had but few provisions in his house for the use of his family, which consisted of seven persons ; and that he had planted and raised

these vegetables for their use, intending to sell any surplus which they might not need. *Allen*, C. J. instructed the jury that if the vegetables attached by the defendant were produced, designed and intended by the plaintiff to be used as provisions for his family, so much of them as would not exceed in value the amount remaining after deducting from fifty dollars the value of the provisions which the plaintiff had in his house was exempt from attachment. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon*, for the defendant.

*T. G. Kent*, for the plaintiff.

Dewey, J. These articles were attached by the defendant as personal property, and must so be deemed between these parties. The cases of *Penhallow* v. *Dwight*, 7 Mass. 34, and *Heard* v. *Fairbanks*, 5 Met. 111, are to the point, that corn or other annual product of the soil, raised by cultivation, is to be considered personal property when ripe for harvesting.

The further question is, whether these articles, in the state in which they were found at the time of the taking, were liable to be attached, or were by law exempt therefrom. The *St.* of 1857, *c.* 235, exempts " provisions necessary, procured and intended for the use of the family of the debtor, not exceeding fifty dollars in value." We think it would be too narrow a construction of this statute to hold that vegetables raised by cultivation and adapted to the wants of the family, and actually planted and raised as and for provisions for the family, were not to be exempted until actually harvested and placed in the cellar. Whether such was the state of these articles, and whether they were planted and raised to supply the necessities of the family, was submitted to the jury under proper instructions.

This construction will be found fully authorized by the course of former decisions of this court. We will refer to two cases only ; that of *Gibson* v. *Jenney*, 15 Mass. 205, where, under an exemption of " one swine," the court held the exemption extended to the body of the animal after it was killed and while being prepared for family use, upon the ground that the humane purposes of the statute so demanded ; and the case of *Rich-*

*ardson* v. *Buswell,* 10 Met. 506, where it was held that the exemption in the statute "of necessary wearing apparel" embraced a piece of cloth and trimmings left by the debtor at a tailor's shop to be made into a coat, the same being necessary for his use.                    *Exceptions overruled.*