LARRY *v.* HERRICK.

An inconsistency in the statement of the facts, in different counts of a declaration, is not evidence of an admission of the plaintiff that the facts are not as stated by him in his testimony upon the trial of the cause.

CASE. The declaration contained two counts,—one in trover for a yoke of oxen, and another setting forth, in detail, grounds upon which the plaintiff claimed to recover special damages for the taking and conversion of the same oxen. At the trial the plaintiff read and relied only on the count in trover. The plaintiff testified, in his own behalf, in relation to an interview with his counsel before the writ

was made, in which he gave them information as to the nature of his claim; and there was no evidence that his counsel derived any such information from any other source. There was no evidence of any special direction by the plaintiff as to the form of the writ or declaration.

At the close of his opening statement to the jury, the defendant's counsel was permitted, subject to the plaintiff's objection, to read to the jury the special count, on the ground that it was part of the record in the case, and that it contained statements inconsistent with the plaintiff's testimony and claim, and was, therefore, proper matter to be considered by the jury for its bearing upon the plaintiff's credit as a witness.

A verdict having been returned for the defendant, the plaintiff moved for a new trial.

*Lane*, for the plaintiff.

*Wheeler & Faulkner*, for the defendant.

FOSTER, J.   It is customary and proper, under our practice, for the plaintiff's counsel to state his client's case in various forms in different counts, in order to meet the proof which he may encounter upon the trial.   Such statements may be apparently inconsistent, if regarded as a narrative of facts instead of a mere form of pleading.   At the trial, one count cannot be adduced as evidence against another; nor can the fact, that evidence was offered at one time to sustain such count, be regarded as an admission by the party, on a subsequent trial of the same cause, that the facts as charged in such count are true, and that therefore he cannot proceed to trial on a different count.   The exclusion of the inconsistent counts as evidence is by force of an absolute rule of law, founded upon the policy of allowing a plaintiff, in his declaration, to state his case in inconsistent forms.   *Cilley* v. *Jenness*, 2 N. H. 87; *Chapman* v. *Sloan*, 2 N. H. 467; *Bump* v. *Smith*, 11 N. H. 48; *Kimball* v. *Bellows*, 13 N. H. 58; *Buzzell* v. *Snell*, 25 N. H. 474; *Hall* v. *Clement*, 41 N. H. 168; *Keeler* v. *Bartine*, 12 Wend. 110; *Hughes* v. *Moore*, 7 Cranch 176; 1 Stark. Ev. 295; Gould's Pl. 432.

The verdict must be set aside, and

                                        *A new trial granted.*