SOLOMONS & a. v. CHESLEY.

In a trial upon the general issue, a brief statement, filed in the same cause, is not evidence for the plaintiff.

The validity of a bill of sale given as security for the price of spirituous liquors illegally sold, may be denied by the maker of the bill.

A bill of sale, unaccompanied by possession of goods capable of convenient manual delivery, will not transfer the title.

TROVER, for certain chattels, tried upon the general issue. The defendant executed a sealed bill of sale of the property to J. Y. & Co.,

given, as the jury found, as security for a debt due them for liquors illegally sold.   Subsequently, the plaintiffs, in good faith, in payment of a debt due them, took a bill of sale of the same property from J. Y. & Co., having no notice of any defect in their vendor's title.

The vendees in both instances went through a form of taking possession, but the property always remained in the custody of the defendant.   The jury found that the defendant is not estopped to claim the property by assenting to the sale of it by J. Y. & Co. to the plaintiffs, and that the defendant converted the goods to his own use; whereupon a general verdict was taken for the defendant.   The plaintiffs excepted to the admission of parol evidence, showing that the first bill of sale was given as security and not in payment; and to the exclusion by the court, as evidence in the cause, of a brief statement of defence which had been filed, and in which it was alleged that the chattels were sold to the plaintiffs by the defendant in payment of a debt due from him to them for intoxicating liquors illegally sold; and they moved that the verdict be set aside, and a verdict entered for them.

*Bartlett* and *Hatch*, for the plaintiffs.

*Towle & Leavitt* and *Frink*, for the defendant.

FOSTER, J.   The brief statement was properly excluded as evidence, upon the authority of *Larry* v. *Herrick, ante,* p. 40.

The defendant was not estopped to deny the validity of his grant to J. Y. & Co., by showing that it was founded upon an illegal consideration, and was therefore voidable.   Bigelow on Estoppel 283, 285.

It was immaterial whether the bill of sale was given in payment of, or as security for, an illegal claim.

The defendant is not bound by the sale from J. Y. & Co. to the plaintiffs.   The bill of sale from the defendant to J. Y. & Co. was not a sufficient " document of title" to stand in the place of the possession of the goods.

Where personal property is capable of convenient manual delivery upon sale, a mere bill of sale is not sufficient evidence of title to protect a purchaser, as against a vendor who is not estopped to deny the validity of his sale, except perhaps in those jurisdictions controlled by statues founded upon the English " factor's acts" of 6 Geo. IV, *c.* 94, *s.* 2, and 5 and 6 Vict., *c.* 39 ; Benjamin on Sales (2d Am. ed.) *s.* 19 and note *s.; s.* 696 and note *b.; s.* 809.

*Judgment on the verdict.*