## Catholic Press Company v. Jemison Ball.

1. PLEADING—*Plea of General Issue, Not Verified, Does Not Put in Issue the Execution of a Written Instrument.*—In a suit by a servant against his master for a wrongful discharge. upon a contract in writing set out in the declaration *in haec verba,* pleading the general issue, without verifying the plea, does not put in issue the allegation of the declaration that the contract was made by the master.

2. INTEREST—*On Damages for Breach of a Written Contract.*—In a suit on a written contract of employment, brought by the servant for a wrongful discharge, he is entitled to interest on whatever damage he has sustained.

3. MASTER AND SERVANT--*Measure of Damages for Wrongful Discharge, When Suit is Brought Before Expiration of Term.*—In a suit by a servant for wrongful discharge, if the term of service ends before the suit come to trial, damages may be recovered to the end of the term, though the suit was commenced before that end.

4. NEW TRIALS—*Motions for, Can Not be Amended After They Have Been Overruled.*—Permission by a trial court to put an additional point into a motion for a new trial, given three days after the motion is denied and judgment entered, has no effect upon the correctness of the decision when it was made, and is nugatory.

Assumpsit, for a wrongful discharge. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

WILLIAM DILLON, attorney for appellant.

JAMES FANNING LATHAM, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant for wrongfully discharging him from its service, declaring upon a contract in writing set out *in haec verba.* The plea, general issue not verified, did not put in issue the allegation in the declaration that the contract was made by the appellant. Supreme Lodge v. Zuhlke, 30 Ill. App. 98.

That the appellee was discharged after he had been employed about or nearly eight weeks, under an engage-

ment for a whole year, is not disputed, and nobody who knew anything as to why he was discharged, was called as a witness on the part of the appellant. The appellant did put in some correspondence between the appellee and strangers to this suit, dated during the period while he was in the service of the appellant, and we have read it. It is enough to say of it that we see in it nothing inconsistent with his engagement to give his whole time and attention to the business of the appellant.

He recovered $1,511.

How that amount was made up, we will not specially investigate, for if it be, as the appellant insists, "excessive by at least $50, and probably by $111," on the items shown by the evidence, yet as the judgment was nearly two years after the end of the term of the engagement, and no interest has been allowed, the result can not be wrong. The contract was in writing, and the rejection of the services of the appellee has, in regard to interest, the same effect as the rejection of the lard in Murray v. Doud, 63 Ill. App. 247.

And besides the point, that the damages were excessive, was not made in the motion for a new trial; though it is true that three days after the motion was denied and judgment entered, the court gave the appellant leave to put the point into the motion; that had no effect upon the correctness of the decision when it was made, and when the appeal we are now considering was prayed and allowed.

If the term of service end before the suit for wrongful discharge come to trial, damages may be recovered to the end of the term, though the suit was commenced before that end. Mount Hope Cemetery v. Weidenham, 139 Ill. 67.

That case answers all the argument of the appellant on the measure of damages.

There is no error, and the judgment is affirmed.