Grafton,  ⎱
April 1, 1902. ⎰

## LEE & *a. v.* DOW.

A servant who is discharged without cause during the term for which he was hired may recover of his employer, in an action begun and tried before the expiration of the contract, recompense for wages already earned and for the deprivation of the opportunity to earn wages during the remainder of the term, the latter to be the difference between the wages stipulated and the sum which, by the exercise of reasonable efforts, may be earned during that time.

ASSUMPSIT, for the breach of an alleged contract by which the defendant agreed to employ the plaintiffs for the term of one year. Transferred from the November term, 1901, of the superior court by *Young*, J.

The writ is dated October 20, 1899, and the *ad damnum* is $500. It was agreed for the purposes of the case that there was a valid contract between the parties by which the plaintiffs were to work for the defendant for one year from April 17, 1899, for $50 a month, payable monthly; that the plaintiffs worked under the contract from the date aforesaid until October 20, 1899, when the defendant · discharged them without cause; and that their wages to September 17 were paid.

At the November term, 1901, of the superior court the defendant's motion to strike off the jury marking was allowed on the ground that the amount involved was less than $100, the court being of opinion that the plaintiffs could not recover damages in excess of the wages earned and not paid at the date of the writ, and to this ruling the· plaintiffs excepted.

*Alonzo L. Chamberlin* and *Ira Colby*, for the plaintiffs.

*Charles A. Dole, William H. Cotton*, and *Batchellor & Mitchell*, for the defendant.

CHASE, J. If the "value in controversy" exceeded $100 the exception must be sustained, as in that case the plaintiffs had a right to a trial by jury. ˙ Bill of Rights, *art.* 20. The "value in controversy" was the damage to the plaintiffs arising from the defendant's breach of the contract in discharging the plaintiffs from his service before the expiration of the term. The court ruled that the damage was limited to the sum due the plaintiffs for wages at the date of the writ, which was $55, or thereabouts. This ruling cannot be sustained. The contract was entire and

indivisible. There was an absolute and unjustifiable breach of it by the defendant. The plaintiffs were authorized to treat the breach as ending the contract, and they have done so. The moment the breach occurred an action accrued to them to recover a just recompense for the injury they sustained by reason of it. Payment of the wages already earned would not be full recompense. The contract was valuable to the plaintiffs. It assured them of an opportunity to earn $50 a month during the unexpired part of the term. The defendant's act deprived them of the opportunity, and injured them.

The extent of the plaintiffs' injury would not necessarily be measured by the amount of the wages that would be earned if the contract continued in force. They would be obliged to perform the service stipulated in the contract, to be entitled to the wages. Although the defendant prevented them from performing the service, they could not claim the wages in full without making an effort to employ their time elsewhere to some advantage. It was their duty to make reasonable efforts to curtail their injury. The value of their contract, so far as the future was concerned, was the difference between the wages which it assured them and the amount of money that they earned, or by reasonable efforts might earn, during the unexpired part of the term. This they were entitled to recover of the defendant, in addition to the wages due at the date of the breach of the contract.

When the trial of the action occurs before the expiration of the term, there is more or less difficulty in determining what will be, or reasonably ought to be, earned between the trial and the end of the term. Various contingencies — the death of one or the other of the parties, the health of the employee, the uncertainty as to the demand for labor, etc.— render the question difficult to be determined satisfactorily; and in some jurisdictions it is held, for this reason, that the employee shall not have recompense for this part of his injury. The difficulty of determining the sum which will recompense a person for the wrongful act or omission of another is not ordinarily regarded as a sufficient reason for not allowing the injured party any damages. In most actions for personal injuries the damages cannot be determined with complete satisfaction to the tribunal charged with the duty of assessing them. A party is not deprived of his right altogether simply because the measure of it in dollars and cents can be made only imperfectly. The justice administered by human tribunals is imperfect at best, but this fact does not excuse them from deciding the questions that come before them. There is not sufficient reason for excepting a case like the present one from the general rule applicable to cases in which the damages cannot be determined

with absolute satisfaction as to the justice of their amount. On the other hand, there is a very good reason why the exception should not be made. The employee cannot maintain another action for the breach, but must recover in one action all that he is ever to receive.

It is held in several jurisdictions that the discharged employee may recover of his employer, in an action begun and tried before the expiration of the contract, recompense for the wages already earned under the contract and for the deprivation of the opportunity to earn wages during the remainder of the term,— the latter to be the difference between the wages stipulated and the sum which, by the exercise of reasonable efforts, may be earned during that time. *Sutherland* v. *Wyer*, 67 Me. 64; *Alie* v. *Nadeau*, 93 Me. 282; *Remelee* v. *Hall*, 31 Vt. 582; *Cutter* v. *Gillette*, 163 Mass. 95.; *Wilke* v. *Harrison*, 166 Pa. St. 202; *Hamilton* v. *Love*, 152 Ind. 641; *Halsey* v. *Meinrath*, 54 Mo. App. 335; *Pierce* v. *Railroad*, 173 U. S. 1. It is held in other jurisdictions that the damages shall be assessed as of the date of the trial. *Everson* v. *Powers*, 89 N. Y. 527; *Larkin* v. *Hecksher*, 51 N. J. Law 133; *Roberts* v. *Crowley*, 81 Ga. 429; *Fowler* v. *Armour*, 24 Ala. 194; *Van Winkle* v. *Sutterfield*, 58 Ark. 617; *Litchenstein* v. *Brooks*, 75 Tex. 196; *Mount Hope Cemetery Ass'n* v. *Weidermann*, 139 Ill. 67; *Catholic Press Co.* v. *Ball*, 69 Ill. App. 591; *McMullan* v. *Dickinson Co.*, 60 Minn. 156; *Gordon* v. *Brewster*, 7 Wis. 355. All the objections urged against damages for the value of the contract when the action is tried before the expiration of the term are removed when the action, as in this case, is not tried until after the expiration of the term. There is then no opportunity for conjecture, for all the contingencies have become settled by the occurrence of the facts. Damages that accrue subsequently to the bringing of the action are not included in the judgment. "It is the breach that gives the right of action, and the subsequent facts are not the cause of action, but legal lights by which to follow the breach to its pecuniary result." *Roberts* v. *Crowley*, 81 Ga. 429, 439. While the rule mentioned in the line of authorities first cited commends itself to the judgment and is adopted in this jurisdiction, the rule mentioned in the second line would produce the same result in this case.

The cases cited by the defendant are widely distinguishable from this case. In *Hartwell* v. *Jewett*, 9 N. H. 249, *Davis* v. *Barrington*, 30 N. H. 517, 530, *Smith* v. *Newcastle*, 48 N. H. 70, and *Blodgett* v. *Berlin Mills*, 52 N. H. 215, the plaintiffs broke the contracts and sought to recover compensation for their services upon *quantum meruit*, and it was held that while they might be entitled to reasonable compensation under all the circumstances,

they could not enforce the payment of it until the time when the compensation stipulated in the contracts became due. In *Thompson* v. *Phelan*, 22 N. H. 339, the plaintiff undertook to collect the compensation provided by the contract before it was due. In *Clark* v. *Manchester*, 51 N. H. 594, it was held that an employee, who was discharged from his employment before the expiration of the term, might rescind the contract and recover upon a *quantum meruit*. The rescission of the contract, of course, rendered its provision as to the time of payment of the wages provided by it nugatory, the same as it did the provision in reference to the rate of wages.

The plaintiffs are entitled to a trial by jury.

*Exception sustained.*

All concurred.