Grafton, }
Dec. 6, 1910. }

ACKERMAN v. MIDDLEBY & a.

Where the lessee of a farm on shares refuses to perform his agreement and seeks to recover upon *quantum meruit* what his services and expenditures were reasonably worth to the lessor, he cannot maintain an action therefor at an earlier date than that fixed by the lease for a final settlement between the parties.

COVENANT BROKEN. Trial by a referee. Transferred from the May term, 1910, of the superior court by *Plummer*, J. The writ is dated September 8, 1904. On November 23, 1905, the plaintiff was allowed to amend the declaration by adding a count in *quantum meruit* for work done, materials furnished, and money paid out for the defendants.

The referee found that on June 15, 1904, the plaintiff leased of the defendants a certain farm with tools and live stock, for a term of nine and one half months, or until April 15, 1905. The plaintiff carried on the farm until September 8, 1904, when without sufficient cause he left it and refused to carry it on. Up to that time he had worked on the farm and paid for help and teams in carrying it on. He received one half and the defendants the other half of the income of the farm from time to time, in accordance

with the terms of the lease. He left all the crops on the farm, and they were afterward used by the defendants. The defendants received the benefit of the plaintiff's labor and expenditures, in excess of the damage sustained by them and of the income received by the plaintiff, to the amount of $82.50. If upon these facts the plaintiff is entitled to recover, he should have judgment for that sum and interest; otherwise there should be judgment for the defendants.

*Marshall D. Cobleigh* and *Smith & Smith*, for the plaintiff.

*Roland E. Stevens, Batchellor & Mitchell*, and *Scott Sloane*, for the defendants.

WALKER, J. If it is conceded that the facts as reported show a liability on the part of the defendants to recompense the plaintiff for his loss, upon the theory of *quantum meruit* (*Britton* v. *Turner*, 6 N. H. 481; *Meredith etc. Ass'n* v. *Drill Co.*, 66 N. H. 539), it does not follow that he is entitled to recover therefor in this action, which was begun several months before the time fixed in the lease for the termination of the contract and the final settlement between the parties. It is familiar law that no recovery can be had upon a cause of action that arises after the suit was brought (*Tappan* v. *Tappan*, 30 N. H. 50; *Child* v. *Powder Works*, 44 N. H. 354; *Thompson* v. *Mill Co.*, 62 N. H. 303); and it has been decided in numerous cases that when an employee or laborer is guilty of a breach of the contract of employment, and seeks to recover upon *quantum meruit* what his services were reasonably worth to the defendant, less the damage sustained by the latter in consequence of the breach, he cannot maintain an action therefor before the time when payment became due under the contract. *Hartwell* v. *Jewett*, 9 N. H. 249; *Bailey* v. *Woods*, 17 N. H. 365, 369; *Thompson* v. *Phelan*, 22 N. H. 339; *Davis* v. *Barrington*, 30 N. H. 517, 530; *Smith* v. *Newcastle*, 48 N. H. 70; *Blodgett* v. *Berlin Mills*, 52 N. H. 215; *Lee* v. *Dow*, 71 N. H. 326, 328. When he has refused to perform his engagement and brings an action upon an implied promise for what may be equitably due him, no reason is apparent why he should force the defendant to pay him at an earlier date than he could have done if he had performed his contract. "Justice requires that the defendant should not be prejudiced in this respect; and we think the defendant may set up the original contract, to show that, though perhaps the plaintiff may deserve to have something, still that he cannot rightfully have anything of the defendant until such time as the original contract, if fulfilled, would have been payable," and " that he

shall not receive compensation for services arising on *occasion of a contract*, sooner than he could have claimed payment for the same services if such contract had been fully completed." *Hartwell* v. *Jewett, supra.* The facts, that the contract in this case is technically known as a lease and that the plaintiff was to receive his compensation from time to time from the income produced by his management of the farm for some nine months, do not change the principle that he cannot compel the defendants to pay him in money for his services before the time when he could finally insist upon being reimbursed therefor under the contract.

In *Smith* v. *Newcastle, supra*, the defendant leased to the plaintiff a house for the term of five years. The plaintiff was to pay for his occupancy of it by making during the first two years some repairs upon it. He failed to make all the repairs within that time, and in accordance with the terms of the lease the defendant evicted him. He then brought his action for the repairs he had made. While it was held that upon *quantum meruit* the plaintiff might recover in an action properly instituted, it was also held that he could not maintain a suit upon that ground until after the expiration of the term of five years stipulated in the lease. The court say (*p.* 73): "Plaintiff claims . . . his action is in no respect founded upon the special agreement, but upon the implied contract, and that the terms of the special agreement are admissible only to show the amount of the damage sustained by the defendant by its non-fulfilment, to be recouped against the plaintiff's claim for the value of his services and property. But this position . . . has been repeatedly overruled."

In that case the plaintiff received pay on account for his services, by his occupancy of the house; but under the contract he was not entitled to full compensation until the end of the term. So, in the present case, the plaintiff has received a part of his pay from time to time; but if he had performed his contract, he would not have recovered full pay for his labor until the termination of the lease. If it is just and equitable to the plaintiff that the defendants should pay him in money the amount reported by the referee, it is not just or equitable to them that they should be compelled to pay it at an earlier date than the plaintiff had agreed upon for a final settlement under the contract which he has refused to perform. If in violation of the contract the defendants had discharged him from his employment, it is clear that the defendants could not take advantage of their own breach of faith to compel the plaintiff to wait for his damages until the end of the lease (*Lee* v. *Dow, supra*); and it is equally clear that the plaintiff ought not to be permitted to take advantage of his voluntary failure to perform his contractual duty, to deprive the defendants of the benefit of

the term of credit which he agreed to in the original contract. According to the provisions of the case there must be,

*Judgment for the defendants.*

All concurred.