Coös,
Nov. 4, 1919.

### George W. Blanchard & Son Co. *v.* American Realty Co.

In an action to recover one of several installments due on account of the purchase price of standing timber sold by the plaintiff to the defendant, the jury were properly instructed that if they found all the issues for the plaintiff, including that of the alleged fraud of the plaintiff in procuring the contract, their verdict should be for the amount of such stated installment.

In such action the defendant's repudiation of the whole contract, first made during the trial, does not affect the plaintiff's cause of action.

If a declaration is amended by striking out a count and by adding another count thereto, the defendant cannot offer the original count as an admission to contradict the ground of action as alleged in the amended declaration.

Assumpsit, to recover an installment of $25,000 under the terms of a logging contract. Trial by jury and verdict for the plaintiff. Transferred from the December term, 1918, of the superior court by *Marble*, J. The plaintiff obtained an amendment of the declaration, wherein a written contract was set out, by which it appeared that on October 31, 1916, the plaintiff sold to the defendant all the spruce and fir timber upon certain lands of the plaintiff for the sum of $100,000, payable in equal annual installments of $25,000 on the first day of April in each of the years of 1917, 1918, 1919 and 1920; it was alleged that the second installment was not paid when it became due although payment of it was demanded by the plaintiff.

The defendant excepted to certain parts of the charge and to the refusal of the court to give certain requested instructions, which, together with other facts, are stated in the opinion.

*Sullivan & Daley (Mr. Sullivan* orally), for the plaintiff.

*Drew, Shurtleff, Morris & Oakes (Mr. Oakes* orally), for the defendant.

Walker, J. The case was tried under the amended declaration. The original counts were stricken out and new counts were substituted therefor in which the plaintiff sought to recover the second installment of $25,000; which, under the contract, was due and payable at the date of the writ. The breach alleged was the failure of the defendant to make that payment upon demand; and the ver-

dict establishes the fact upon competent evidence that the defendant committed a breach of the contract in the respect alleged.

The issues raised by the defendant's plea were, (1) that the person who executed the contract in its name had no authority to make the same, and (2) that the contract, if binding on the defendant, was induced by fraudulent representations of the plaintiff in regard to the quantity of lumber on the designated lots. The defendant now concedes that the evidence justified the jury in finding for the plaintiff on these issues, but claims that the court erred in its charge to the jury, that if the issues above stated were found for the plaintiff the defendant is liable for the installment sued for. The defendant's argument in support of this claim is that it had repudiated the entire contract and had notified the plaintiff before the suit was brought that it would not be bound by the contract, and that if the plaintiff is entitled to recover damages for its breach of the contract the proper measure of the damages is the difference between the value of the timber left standing and the contract price remaining unpaid, and not the installment of $25,000 which according to one provision of the contract was apparently due when the suit was begun. If it is assumed that this might be the true rule of damages under the facts suggested (a point upon which no opinion is expressed) the difficulty with the argument is that under the instructions of the court the jury has found that the plaintiff did not know when the suit was brought that the defendant had repudiated the contract. This finding was based upon evidence which, though somewhat conflicting, justified the jury in reaching that conclusion. The defendant does not claim that the evidence was insufficient, but it insists that in the original declaration there is an unequivocal admission by the plaintiff that it knew when the writ was drawn that the defendant refused to be bound by the contract as a whole. In the statement referred to it is said that "on said April 1st., 1918, the plaintiff demanded of the defendant the payment of said twenty-five thousand dollars ($25,000) then due under said written agreement, but the defendant . . . refused to be further bound by or carry out its part of said written agreement, or receive and pay for any more of said spruce and fir timber." But this is a mere allegation in the formal statement of the plaintiff's cause of action which does not amount to an admission available as conclusive evidence against the plaintiff of its truth, especially after the allowance of an amendment by the substitution of a new declaration containing no such statement. In *Kimball* v. *Bellows*, 13 N. H. 58, it was held that where

several counts were originally in the plaintiff's declaration, and on a new trial being granted a portion of the same were struck out and new ones inserted, it was incompetent for the defendant on a second trial to offer the original counts as an admission of the party to contradict the grounds of suit alleged in the new counts. This principle has been recognized and applied in numerous cases in this state. *Pittsfield* v. *Barnstead*, 38 N. H. 115, 121; *Hall* v. *Clement*, 41 N. H. 166, 168; *Bartlett* v. *Prescott*, 41 N. H. 493, 499; *Larry* v. *Herrick*, 58 N. H. 40; *Solomons* v. *Chesley*, 58 N. H. 238. The defendant's contention upon this point cannot be sustained.

Nor did the defendant's assertion during the trial that it renounced all its obligations under the contract and refused to cut any more timber from the plaintiff's land, affect the plaintiff's cause of action as it existed at the date of the writ, for, "It is familiar law that no recovery can be had upon a cause of action that arises after the suit was brought." *Ackerman* v. *Middleby*, 75 N. H. 576, 577; *Tappan* v. *Tappan*, 30 N. H. 50; *Child* v. *Powder Works*, 44 N. H. 354; *Thompson* v. *Company*, 62 N. H. 303. It was therefore no error for the court to refuse to instruct the jury upon a theory of damages not applicable to the cause of action sued upon and not existing when the suit was brought. The defendant's declaration, first made during the trial, of its renunciation of the entire contract and of a more comprehensive breach than the plaintiff alleged, did not defeat the plaintiff's action or deprive it of the damages it was entitled to at the date of its writ. If, before the second installment became due, the plaintiff had known the defendant sought to repudiate the contract as a whole, the defendant's argument upon the question of damages would have been more appropriate, based as it is upon the assumption that the damages for its admitted breach would be less than the amount of one installment. But as the plaintiff, when the suit was brought, or when the amendment was made which related back to the date of the writ (*Whittier* v. *Varney*, 10 N. H. 291, 303; *State* v. *Collins*, 68 N. H. 46; *State* v. *Lynch*, 72 N. H. 185), properly assumed that the defendant would continue to cut the timber and was only in default in regard to the second payment, the defendant's claim is illogical and untenable as a matter of law. The jury were properly instructed that if they found the defendant was liable they should return a verdict for $25,000, as stipulated in the contract.

The defendant's suggestion that in any event the recoverable damages would be, not the amount agreed to in the contract as due and payable on April 1, 1918, but the fair value of the timber cut,

is entitled to little consideration. The court cannot relieve the defendant in this action from the payment of the specific amount it agreed to pay for the privilege of cutting timber on the plaintiff's land, or substitute a rule of damages in conflict with its express agreement, in the absence of any finding of fraud, mistake, failure of consideration, or other valid grounds for relief. Moreover, while the parties contemplated that about 10,000 cords would be cut each year, it was expressly agreed that if less than that amount should be cut in any year, "payment shall be made of $25,000 each year beginning April 1st., 1917." This provision shows that the payment of the installments was in no way limited by the quantity of timber cut, which for the two years the defendant operated was less than 10,000 cords. It is also significant that the defendant paid the first installment in full on that date, although it had then cut much less than 10,000 cords. The plaintiff having fully performed its contractual duties, the defendant's liability for the payment of the amount of the installment, without regard to the amount of timber it has cut, is clearly established by the unequivocal terms of the contract. *Rideout* v. *Woods,* 30 N. H. 375, 377. It has not been deprived of any of the rights it had under the contract; its license to cut the timber has not been revoked by the plaintiff, who, so far as appears, is without fault in any respect. *Lamprey* v. *Eastman,* 68 N. H. 198.

What principle of damages should be applied in another suit based upon the refusal of the defendant to be further bound by the contract, is a question it is unnecessary to consider at this time, because it is not properly before us, and because, if there should be further litigation, as is suggested, it does not seem advisable to anticipate the facts that may then be presented and to state our present views, which would be mere *dicta.*

*Exceptions overruled: judgment on the verdict.*

All concurred.